UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

Thaddeus Taylor,
Petitioner,

v.

Donna Collins, Deputy Warden, HSC;
A.T Wall, Director Rhode Island Department of Corrections;
James Weeden, Warden-HSC,
Thersa Lantz, Commissioner Connecticut Department of Corrections,
Respondents.

[redacted] No. 05 265 S

June 10, 2005

PETITION FOR WRIT OF ERROR CORAM NOBIS; And/or HABEAS Corpus AD FACIENDUM ET RECIPIendum; All Writs ACT; Petition For Writ of Mandamus (DOC-Disciplinary hearing process)

The petitioner Thaddeus Taylor, in his Pro se Capacity, respectfully files with this Honorable Court this Petition for writ of CORAM NOBIS (ERROR) and/or HABEAS Corpus AD FACIENDUM ET RECIPIendum; The Great All Writs ACT... and/or Petition For writ of Mandamus

directing Respondent(s) to VACATE the Petitioner's finding of guilty of a disciplinary infraction that was written by Correctional officer Calise on or About May 28, 2005 at the High Security Facility within the Rhode Island DOC. -- in which was rendered by LT. William Galligan at the disciplinary hearing on June 1, 2005 and subsequently upheld by the Respondent(s) and/or their representatives from the Rhode Island Department of Corrections... on June 3, 2005.

Discipline No. (RI [illegible]) 0000718); The disciplinary Sanctions that were imposed against the petitioner by LT. Galligan (Hearing officer) were 15 days of Discipline Confinement; 15 days of Loss of Good Time; 15 days of Loss of telephone; 15 days of Loss of visits.

The Petitioner Claims that he was denied Due process of Law, a fair hearing and opportunity to put forth a defense .. as a result of the defendants/Respondents Blantant violations of his Federal and STATE of Connecticut and Rhode Island Constitutional Rights in this proceeding. First, the hearing officer "Lt. William Galligan" was not an impartial hearing officer, he was directly involved with the writing and issuance of this "booking" disciplinary report; Additionally, the Petitioner have filed several formal complaints against LT Galligan for "harassment", "Retaliation", threats and unprofessionalism as a superior officer at the Facility (HSC) to the Respondents, as well filed two Federal Civil lawsuits against him. Taylor v. RIDOC, etal, 3:05CV747(DJS); Taylor v. CT DOC, etal 1:05CV118T (C.A 05-118T) to which LT. Galligan is a named defendant in both matters .. inherently bias individual. Second, the petitioner was disallowed to call his witness(es), without Just Cause .. inmate and staff; disallowed the opportunity to present a defense and LT. Avilla failed to properly file the Petitioner's written statement of the facts with the "booking" hearing officer; LT. Galligan further failed to grant the Petitioner a Continuance to locate the written statements and documents from LT. Avilla (HSC Facility) All of which deprived the Petitioner of Due process of Law, and a fair and impartial "hearing" in violation of his Federal and State Constitutional Rights.

Third, The Petiti r Claims that he was deprived his right to effective assistance of a "Representative" at the hearing as was requested. Counselor "Folan" did not Conduct an independant investigation into the facts; nor any investigation was conducted, she failed to meet with the petitioner (meaningfully) prior to the hearing, failed to interview the Petitioner's witness(es), failed to review the video "Security Camera as was requested by the petitioner to prove his "Actual innocence of any wrong doing," and failed to read and obtain a copy of the Petitioner's written statement about the incident.. Counselor Folan, simply sat there and did nothing; Fourth, the Petitioner claims that his "booking" and the hearing violated the provisions of the "Consent degree" entered by the RIDOC in a Federal Lawsuit, to which have not been revoked or "modified" under the <u>MORRIS Rules</u>, namely the booking was not read within 24 hours as required.. without good cause; The respondents failed to Adhere to the disciplinary procedures as setforth in the <u>MORRIS Rules</u>, including having a "disciplinary board", adequately keeping records of the hearing and ensuring the hearing is conducted in a fair and impartial manner.. all of which the petitioner was denied. Moreover, the Petitioner respectfully submits that LT. Galligan, the hearing officer also falsified the records on his official report.. to cover up his misconducts.. to which the Respondents failed to consider.

For All the Above mentioned reasons the Petitioner respectfully moves this Honorable Court to grant this Petition for Writ of Error CORAM NOBIS Petition and/or Appropriate Writ of Mandamus Petition in the interest of Justice.. by vacating the guilty findings and ordering a New hearing, in full compliance with due process of Law and the <u>Morris Rules</u>, including Allowing the Petitioner to Call witness(es), Present his written statement, view the Video Cameras, and have

Representation, that meaningfully assist the petitioner in preparing and presenting his defense.. that includes interviewing witness(es), gathering evidence and reviewing the security cameras and other reports to assist the petitioner in proving his actual innocence of the alleged disciplinary infraction.

## OTHER RELEVANT FACT(S):

The Petitioner is a STATE of Connecticut inmate that (STATE v. TAYLOR CR6 434841; USA v. TAYLOR 3:95Cr03 (DJS)) was "involuntarily" transferred to the Rhode Island DOC under a Contractual Agreement.. New England Interstate Corrections Compact Agreement. The provision of the Contractual Agreement provides that the petitioner be treated equally and fairly as well be afforded all the 'Rights' he is entitled to under Connecticut STATE Laws. Due process of Law and a fair disciplinary hearing as set forth above.. are included in Connecticut STATE Law and Federal Law. The Petitioner is a Connecticut Resident and the Respondent(s)' system is in Rhode Island.. however the Rhode Island STATE Court system lacks Jurisdiction per se over the petitioner.. pursuant to the Contractual Agreement.[1]

The petitioner is currently serving a "six year" CT-Sentence to which he have approximately four and a half years completed on the six year sentence... the Petitioner will be eligible for Halfway House placement in August, 2005 and Parole hearing in September 2005.. the effect of this "booking" may also affect the petitioner's ability to be released from incarceration earlier. Thus the Petitioner also respectfully request the Court to excerise it's Jurisdiction to grant the petitioner's sought relief... In the interest of Justice.

(T.T.) I swear that the above statements are true and correct under penalty of perjury to the best of my knowledge.

Respectfully Submitted,

Thaddeus Taylor pro se
Thaddeus Taylor #128275
ACI-MSC
P.O. Box 8200
Cranston, RI 02920

[1] The petitioner respectfully request the Court to construe this motion liberally and excerise its jurisdiction over this matter.. as the petitioner will be irreparably injured if the Court do not act on the matter as soon as possible.