UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

THADDEUS TAYLOR : CASE No. C.A. 05-265 S

v. :

DONNA COLLINS, et al. : AUGUST 16, 2005

**PETITIONER'S OBJECTION TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The Petitioner Thaddeus Taylor, in his pro se capacity, in the above captioned matter respectfully files his OBJection(s) To The Magistrate Judge's Report AND Recommendation dated August 15, 2005[1] and respectfully request the U.S. District Court Judge to "reject" the "Report and Recommendation" and order that further proceeding be had.

Specifically, the Petitioner respectfully submits that the Magistrate Judge err when he construed the Petitioner's Petition as a writ of habeas Corpus pursuant to 28 U.S.C. § 2241 (R.R page 1) -- then used 28 U.S.C. § 2254(b)(1)(A) to state the petitioner must first exhaust these claims to the STATE Court... Although, the petitioner is a Lay person -- it was his "understanding" that

[1] The petitioner have moved for the Magistrate Judge Hon. JACob Hagopian to Recuse himself as a result of "bias" towards the petitioner in a related matter C.A. 05-118 T Taylor v. Connecticut Dept. of Corrections, et al. (Pending) Likewise, the Petitioner respectfully moves for this matter to be Reassigned.

only a federal inmate could file a Petition under 28 U.S.C. § 2241,[2] therefore the Magistrate Judge misapprended the Petition.

The "Petition", it self, as well the "Circumstances" of the Petitioner's being housed within Rhode Island Department of Corrections but under the "Custody and Care" of Connecticut Department of Corrections creates an "extraordinary situation"... thats more complex then what the Magistrate Judge belief. There are no "STATE Remedies" available to the Petitioner.

The Petitioner is not a "STATE of Rhode Island Inmate", to which the 'Report and Recommendation' failed to mention and/or Consider; but rather the Petitioner is in the Custody of the STATE of Connecticut, as well a resident of the STATE of Connecticut. therefore, the "Rhode Island STATE Court" does not have "jurisdiction perse over the Petitioner (person)-- thus can not adequately address the Petitioner's concerns... Likewise, the STATE of Connecticut, the "CT-DOC" who have actual custody over the petitioner -- does not have jurisdiction over the Rhode Island DOC (person)... therefore the Petitioner does not have any

[2] The Petitioner do not concede this one way or the other and reserves the Right to Argue further after a proper determination is made as to exactly what the Petition should be called.

STATE Court to go to for relief he is seeking-- YET, his Federal Constitutional Rights have been Violated in the "Prison Disciplinary Process" at the High Security Facility, "RIDOC" --defacto policies of not Allowing inmates to call witnesses, among other things deprived the Petitioner of a fair "Disciplinary hearing" and due process of Law. Accordingly, the Magistrate Judge incorrectly assumed that the petitioner had or have STATE remedies available to him. The magistrate Judge should have order service and directed the Respondent(s) to "Answer" the petition first -- to establish the "facts"... first.

In any event, the STATE Remedies would be "futile", thus the Petitioner would be exempt from exhaustion in any event. The magistrate Judge's Report and Recommendation failed to Consider these facts and/or overlooked such.

Although the Petitioner admits he do not know exactly what would be the appropriate titled for this Petition... he however submits that the Magistrate Judge err when he narrowly Construed such as a Section 2241 Petition. The Petition Could be Construed in many ways in order for this Court to reach the merits and provide Sought relief-- to which the Magistrate Judge overlooked. See Writ of ERROR CORAM NOBIS; All Writs Act, 28 USC 1651.

Writ of Mandamus; Diversity Jurisdiction Habeas Corpus Ad Faciendum et Recipiendum.

Addition to all of the above the magistrate Judge failed to consider the fact the petitioner stated that... time is of the essence in this matter... in that, the petitioner is eligible for placement in a "Halfway House" and "Parole" on August 23, 2005 and November 2005 respectively... this "disciplinary report" Could adversely affect the petitioner and require him to be incarcerated longer, denied "Halfway House" or "Parole"... thus It should be immediately address to prevent irreparable harm to the petitioner.

For all the above mentioned reasons the petitioner respectfully requests the Court reject the Magistrate Judge's Report and Recommendation and remand the matter for further proceedings in the interest of Justice.

Respectfully Submitted
pro se
Thaddeus Taylor #128275
ACI-HSC
P.O. Box 8200
Cranston, RI 02920
Petitioner

Certificate of Service

I Certify that a Copy of this objection was mailed to Attorney Patricia A. Coyne-Fague, RIDOC 40 Howard Ave, Cranston, RI 02920 on this 16th day of August, 2005.

pro se
Thaddeus Taylor # [redacted]