**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **Thaddeus Taylor, *pro se*** | : | |
| | : | |
| **vs.** | : | |
| | : | **C.A. No.: 05-265S** |
| **Donna Collins et al** | : | |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S PETITON FOR WRIT OF ERROR CORAM NOBIS AND/OR HABEAS CORPUS UNDER RULE 12(b)(1) AND RULE 12 (b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Now comes the Defendants in the above entitled matter and hereby file this Motion to Dismiss Plaintiff's petitions under Rule 12 (b) (1) and Rule 12 (b) (6) of the Federal Rules of Civil Procedure. The reasons for Defendants' motion are set forth in the accompanying Memorandum of Law.

Defendants, by their attorney,

Kathleen Kelly
Kathleen M. Kelly #5501
RI Department of Corrections
40 Howard Avenue
Cranston, RI 02920
(401) 462-2622
(401) 462-2583 *fax*

**Certification**

I hereby certify that a true copy of the within document was mailed, postage-prepaid, to Plaintiff, Thaddeus Taylor, at 353 Elm Street, Windsor Locks, CT, on this 7th day of June, 2006.

Kathleen Kelly

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **Thaddeus Taylor, *pro se*** | : | |
| | : | |
| **vs.** | : | **C.A. No.: 05-265S** |
| | : | |
| **Donna Collins, Deputy Warden, et al,** | : | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THE MOTIONS TO DISMISS UNDER RULE 12 (b) (1) and 12 (b) (6) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Now come the Defendants in the above-entitled matter and hereby submit this Memorandum of Law in support of its Motions to Dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure. Defendants submit that Plaintiff's petition should be dismissed for failure to establish subject matter jurisdiction under Rule 12(b)(1), and for failure to state a claim upon which relief may be granted under Rule 12(b)(6). Defendants further claim that Plaintiff's petition is moot.

**Facts and Travel of the Case**:

Plaintiff Thaddeus Taylor [hereafter referred to as "Taylor"] was a penal inmate, housed in the High Security Center of the Adult Correctional Institution, from March 9, 2005, until January 24, 2006. Taylor was granted parole by the Connecticut Parole Board in December 2005, and was released to Isaiah House, a half-way house located in Bridgeport, Connecticut, on January 24, 2006. As of early May 2006, Taylor no longer resides at Isaiah House and now lives in the community, in Windsor Locks, Connecticut.

Taylor was originally transferred to the State of Rhode Island Department of Corrections from the Connecticut Department of Corrections on March 9, 2005. He was not incarcerated in Rhode Island due to any Rhode Island criminal charges, but was housed in this state based on a request from Connecticut to accept this inmate through an interstate transfer. During his incarceration in Rhode Island, Taylor filed numerous lawsuits and motions seeking various forms of injunctive relief and alleging a broad spectrum of constitutional violations. One of those motions is the subject of this instant motion to dismiss.

On June 10, 2005, Taylor filed a Petition for Writ of Error Coram Nobis and/or Habeas Corpus in the Federal District Court for the District of Rhode Island. This petition became C.A. No. 05-265S.[1] In his petition, Taylor sought relief from disciplinary sanctions he received on or about June 1, 2005. Taylor alleged that after a Disciplinary Hearing, he was found guilty of the infraction and sentenced to 10 days punitive segregation and 10 days loss of good time credit. Taylor claimed his constitutional rights in the disciplinary hearing process were violated, that he was denied due process of law and a fair opportunity to put forth a defense. The relief Taylor seeks for these alleged violations of his constitutional rights is that the disciplinary board's guilty finding be vacated, that he be given a new disciplinary hearing where he be allowed to call witnesses, have assistance of a staff representative, and various other procedural requests. The Federal District Court for the District of

[1] Taylor also filed a similar petition on June 21, 2005. That petition became C.A. No. 05-278S and is has also been remanded back from the First Circuit Court of Appeals. Defendants have filed a motion to dismiss that petition as well.

Rhode Island dismissed the petition sue sponte without prejudice, based on Taylor's failure to exhaust his state remedies.

Taylor filed an appeal from this dismissal with the First Circuit Court of Appeals on August 29, 2005. This appeal became No. 05-2337 in the First Circuit Court of Appeals. C. A. No. 05-2337 and 05-2342 were consolidated for appeal purposes by the First Circuit Court of Appeals. Taylor and Defendants submitted written Memorandums of Law on these matters to the First Circuit Court. On April 17, 2006, that Court issued a written decision, remanding this matter and the related C.A. 05-2342 (formerly C.A. 05-278S) back to the Federal District Court for the District of Rhode Island. The Department of Corrections has been ordered to respond to Taylor's petition. The Department now submits this Motion to Dismiss and accompanying Memorandum of Law.

For the purposes of this Motion to Dismiss only, Defendants do not dispute the factual allegations at this time.

## I. Defendant's Argument under Rule 12(b)(1) – Lack of Subject Matter Jurisdiction.

Plaintiff has filed a Habeas Corpus petition under 28 U.S.C. 2254, which provides:

> State custody; remedies in Federal courts -
>
> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court

> only *on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States (emphasis added).*
>
> (b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B) (i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> 2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

Defendants rely upon on section 2 of 28 U.S.C. 2254 and respectfully request this petition be denied on the merits, notwithstanding the fact that Taylor has not exhausted his state remedies.

Taylor claims the Department of Corrections has violated his constitutional rights by sentencing him to 10 days segregation and loss of good time due to disciplinary infractions. Based on the facts set forth in this petition, and accepting the facts as true for purposes of this motion only, Taylor fails to state a claim that invokes the jurisdiction of the Federal Court. Plaintiff makes no claims that invoke any constitutionally protected liberty interests.

Taylor alleges he was given a disciplinary hearing and after that hearing he was found guilty of a disciplinary infraction. The due process liberty interests conferred upon an inmate in this type of disciplinary hearing were addressed in *Sandin v. Conner*,

515 U.S. 472, 115 S.Ct. 2293. In *Sandin*, the prisoner was given a disciplinary hearing and after hearing sentenced to 30 days disciplinary segregation. *Sandin v. Conner*, 515 U.S. 472, 475; 115 S.Ct., 2293, 2296 (1995). The United States Supreme Court stated, "The Due Process Clause standing alone confers no liberty interest in freedom from state action taken within a sentence imposed." *Sandin* at 480. "The State may in certain circumstances create liberty interests that are protected by the Due Process Clause. But these interests will generally be limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical, significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin* at 484. The Court went on to hold that a 30 day sentence to disciplinary segregation "did not present the type of atypical, significant deprivation in which a State might ....create a liberty interest." *Sandin* at 475.

Based on the holding in *Sandin*, Plaintiff's sentence to disciplinary segregation does not trigger any due process liberty interests or constitutional protections. The allegations set forth in the petition implicate no conduct that invokes a constitutional or federal statutory right. Taylor's petitions should be dismissed for lack of subject matter jurisdiction.

Taylor also alleged that he was eligible for parole and placement in a halfway house and that the disciplinary sentence would have an adverse effect on his opportunity to be released back into the community. Since Taylor was, in fact, released on parole prior to the expiration of his sentence and placed in a half-way house, and is now living

in the community at large, these suppositions were untrue. Interestingly, this is the very scenario the Court addressed in Sandin v. Connor. The Court stated "The decision to release a prisoner rests on a myriad of considerations. And the prisoner is afforded procedural protection at his parole hearing in order to explain the circumstances behind his misconduct record. The chance that a finding of misconduct will alter the balance is simply too attenuated to invoke the procedural guarantees of the Due Process Clause". *Sandin* at 2302, 487.

Taylor's petition complains of no conduct that implicates a constitutional or federal statutory right; therefore, the petitions should be dismissed for lack of Federal Court subject matter jurisdiction.

## II. **Defendant's Argument under Rule 12(b)(6) – Failure to State a Claim upon which Relief can be Granted.**

Federal Rule of Civil Procedure 12(b)(6) provides "that a party is entitled to the dismissal of actions that fail to state a claim upon which relief can be granted. In considering a motion to dismiss brought pursuant to this rule, the court must accept the well-pleaded averments of the plaintiff's complaint as true, and view these facts in the light most favorable to the plaintiff." Chongris v. Bd. Of Appeals, 811 F.2d 36, 37(1st Cir. 1987); Brower v. County of Inyo, 489 U.S. 593, 109 S.Ct. 1378, 103 L.Ed. 628 (1989). "A motion to dismiss under Rule 12(b)(6) will only be granted when it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46; 2 L.Ed. 2d 80; 78 S.Ct. 99 (1957).

However, although the threshold for stating a claim is low, it is not nonexistent. No credit need be given to gauzy generalities, unsupported conclusions, subjective characterizations, and problematic suppositions. Merritt v. Aylmer, etc., 1992 U.S. App. Lexis 28857, citing The Dartmouth Review v. Dartmouth College, 889 F.2d 13, 16 (1st Cir. 1989). Taylor asserts he was "deprived of due process of law, denied the right to call witnesses and was not provided with meaningful assistance from a staff member." He further claims individuals involved in the hearing were not impartial and unbiased. These statements are nothing more than conclusions, suppositions, and generalities with no factual integrity. However, even if the Court were to view the facts articulated by Taylor as sufficient, true, and in the light most favorable to him, he still fails to state a claim upon which relief can be granted. Taylor has alleged no set of facts that establish a constitutional right or protected liberty interest under the holding in Sandin v. Conner. "In order to rise to the level of a due process violation, those disciplinary proceedings must have resulted in a deprivation that was atypical and significant in the ordinary instances of prison life." Jose Doctor v. Ashbel T. Wall, et al, 143 F.Supp 2d 203, 210 (R.I. 2001); citing Sandin v. Connor, 515 U.S. at 484; 115 S.Ct. at 2300. "The Supreme Court rejected the argument that thirty day segregation violated the due process clause, since the segregation did not present an 'atypical' and 'significant' deprivation in the ordinary incidents of prison life." Doctor at 210, citing Sandin at 484, 2300.

Taylor has failed to establish any claim that would entitle him to relief under 28 U.S.C. § 2254. Therefore, Defendants respectfully submit his Petitions for Writ of

Habeas Corpus should be denied under Rule 12 (b) (1) and 12 (b) (6 ) of the Federal Rules of Civil Procedure.

## III. Defendant's Argument that the Petition is now Moot

In his habeas corpus petition, Taylor alleges his constitutional and due process rights were violated by the disciplinary hearing procedures followed by RI-DOC staff. The only remedy he seeks is the vacating of the guilty findings a new disciplinary hearing. (See C.A. # C.A. #05-265S, Petition for Habeas Corpus, dated June 10, 2005, pg. 1 and 3).

The Defendants submit that Taylor is no longer in custody either in Rhode Island or Connecticut. The violations alleged in Taylor's petition, and the remedy he seeks for these alleged violations, are now moot. There is no way to effectuate the remedy Taylor seeks. The RI Department of Corrections has no authority to re-incarcerate Taylor and conduct a new disciplinary hearing inside the walls of the High Security Center at the ACI. See Simon v. United States of America, 1995 U.S. App. Lexis 33669 (1st Cir 1995) (where Plaintiff sought 120 days of good time credit allegedly withheld from him, but was released from prison while the petition was pending, the petition was moot as no available judicial remedy could be awarded.) See also Fender v. United States Bureau of Prisons, 846 F.2d 550, 555 (9th Cir 1988) (where the Court stated a federal prisoner attacking the Parole Commission's decision to keep him in custody was moot because the prisoner was now on parole and had not challenged the validity of his original conviction.)

Defendants attempted to present this argument to the First Circuit Court of Appeals, but it appears the Court misunderstood the custody status of Taylor at the time this matter was remanded back to the Federal Court. In rendering its decision the First Circuit Court noted the recent decision of Rumsfeld v. Padilla, 542 U.S. 426, 411 (2004), in which the United States Supreme Court stated "when the government moves a habeas corpus petitioner after he has properly filed a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." However, in Rumsfeld the petitioner was still in custody, having been transferred to a military prison from a federal prison. Taylor is no longer in custody; therefore none of the remedies he seeks are any longer judicially available to him.

Based on the arguments set forth in this Memorandum of Law, Defendants respectfully request Taylor's petition be denied.

Defendants, by their attorney,

Kathleen M. Kelly #5501
RI Department of Corrections
40 Howard Avenue
Cranston, RI 02920
(401) 462-2622
(401) 462-2583 *fax*

**Certification**

I hereby certify that a true copy of the within document was mailed, postage-prepaid, to Plaintiff, Thaddeus Taylor, at 353 Elm Street, Windsor Locks, CT, on this 7th day of June, 2006.