UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

**THADDEUS TAYLOR**

v.                                                          C.A. No. 05-265 S

**DONNA COLLINS**, et al.

### Report and Recommendation

Jacob Hagopian, Senior United States Magistrate Judge

On June 15, 2005, Thaddeus Taylor ("Taylor"), *pro se*, an inmate incarcerated at the Rhode Island Department of Corrections, filed with the Court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Rhode Island Department of Corrections ("RI DOC" or "Respondent") has moved to dismiss the petition. Taylor has opposed the motion. This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) for a report and recommendation. For the reasons that follow, I recommend that the Respondent's motion to dismiss be granted.

### Background

On June 1, 2005, a prison disciplinary board found Taylor guilty, after a hearing, of violating RI DOC's internal rules. As a result of the guilty finding, the disciplinary board imposed a sanction of 15 days confinement in punitive segregation, a 15 day loss of good time credit, and a 15 day loss privileges. Plaintiff filed the instant petition on June 15, 2005, alleging a myriad of due process violations. As relief, Taylor seeks to overturn the

disciplinary board's decision and to reconvene a new hearing. Taylor, however, has been released from custody.

Respondent has move to dismiss the petition. Taylor has opposed the motion.

## Discussion

Title 28, Section 2241 of the United States Code provides that the writ of habeas corpus shall not extend to a prisoner unless he is in custody in violation of the Constitution. 28 U.S.C. § 2241(c)(3). Here, petitioner claims that the sanctions imposed implicate a liberty interest protected by the due process clause, thus bringing him within the ambit of § 2241. He is mistaken.

The due process clause of the Fourteenth Amendment provides that a state "shall not deprive any person of life, liberty, or property, without due process of law." U.S.CONST. amend. XIV. The United States Supreme Court has made it clear that "[t]he Due Process Clause standing alone confers no liberty interest in freedom from state action taken 'within the sentence imposed.'" Sandin v. Conner, 515 U.S. 472, 480 (1995)(quoting Hewitt v. Helms, 459 U.S. 460, 468 (1983). A state, however, "may under certain circumstances create liberty interests which are protected by the Due Process Clause. But these interests will generally be limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical

and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484 (internal citations omitted).

In Sandin, the plaintiff inmate claimed a state-created liberty interest in being free from thirty days punitive segregation based upon the language of a prison regulation. However, the Supreme Court rejected the language based approach and instructed that the determination of a state created liberty interest should, instead, focus on the nature of the deprivation. Id. at 483-484. "After Sandin, prisoners may no longer peruse state statutes and prison regulations searching for the grail of limited discretion." Orellana v. Kyle, 65 F.3d 29, 31 (5th Cir. 1995).

Here, Taylor was sanctioned to 15 days in segregation, a 15 day loss of good time, and a 15 day loss of privileges. This sanction is not an "atypical and significant" hardship as contemplated by Sandin. Indeed, this sanction is completely reasonable and well within the prison's discretion to impose. Plaintiff thus has failed to demonstrate that he has an identifiable liberty interest necessary to implicate the protections of the due process clause. Accordingly, Respondent's motion to dismiss should be granted since no constitutional violation is properly asserted.

Notwithstanding the failure of the petition to state a claim,

3

the instant petition is also moot. Taylor has been released from custody. Simon v. USA, 1995 U.S. App. Lexis 33669 (1st Cir. 1995)(per curiam); Fendler v. U.S. Bureau of Prisons, 846 F.2d 550, 555 (9th Cir. 1998); Bailey v. Southerland, 821 F.2d 277, 278 (5th Cir. 1987)(per curiam).

## Conclusion

For the reasons set forth above, I recommend that Respondent's motion to dismiss be granted. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of court within ten days of its receipt. Fed. R. Civ. P. 72(b); LR Cv. 72(d). Failure to file timely, specific objections to this report constitutes a waiver of both the right to review by the district court and the right to appeal the district court's decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986)(per curiam); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

_____
Jacob Hagopian
Senior United States Magistrate Judge
October 4, 2006